IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 03-20123-03-CM |
| FRANCHESTER GRIFFIN, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on partial remand from the Tenth Circuit Court of Appeals for a determination of excusable neglect under Fed. R. App. P. 4(b)(4). Judgment against defendant was entered on June 29, 2005, and defendant's notice of appeal was filed on July 15, 2005, which was one day past the ten-day deadline pursuant to Fed. R. App. P. 4(b)(1)(A)(i).[1]

Pursuant to Fed. R. App. P. 4(b):

> (1)(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
> (i) the entry of either the judgment or the order being appealed; or
> (ii) the filing of the government's notice of appeal.
> . . .
>
> (4) Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

---

[1] The ten-day period did not include intervening weekends and the Fourth of July holiday.


*Id*.  Defendant filed his notice of appeal more than ten days after the court's entry of judgment but within thirty days after that deadline.

Defendant has requested that the court permit him to file his notice of appeal out of time.  Defendant contends that, because of the plea agreement in the case, defendant's counsel did not contemplate an appeal being filed.  Defendant's counsel was out of the office from July 2-4, 2005, and contends that, because of his time out of the office and his delay in communicating with defendant, who is incarcerated, the notice of appeal was not timely filed.

The government contends that, absent a finding of excusable neglect or good cause for the delayed filing of the notice of appeal, it should be dismissed for lack of jurisdiction.  The government contends that the reasons set forth by defendant and his counsel are insufficient to provide a basis for a finding of excusable neglect.

In determining what constitutes excusable neglect, the court must "tak[e] account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Four factors that are relevant to determine whether excusable neglect exists are: 1) danger of unfair prejudice to the nonmoving party; 2) length of the delay and the potential impact on judicial proceedings; 3) reason for the delay, including whether it was in the reasonable control of the movant; and 4) whether the movant acted in good faith.  *Id*.; *see City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).  The determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer*, 507 U.S. at 395.  Defendant has the burden to establish excusable neglect.  *See United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979).

-3-

In this case, defendant filed his notice of appeal one day late, and there is no effect on the judicial proceedings or unfair prejudice to the government. It appears that it was defendant's intent to appeal, and that there was confusion between defendant and his attorney whether defendant would appeal the sentence since defendant had entered into a plea agreement. Although the reason for the delay was in defendant's control, and the notice of appeal itself bears only defendant's signature, the court finds no evidence that defendant acted in bad faith. Moreover, defendant's one-day delay in filing his notice of appeal was very minimal. Accordingly, the court finds that defendant has sufficiently established excusable neglect under Fed. R. App. P. 4(b).

**IT IS THEREFORE ORDERED** that defendant has established excusable neglect under Fed. R. App. P. 4(b), that the time for defendant to file his notice of appeal is hereby extended pursuant to Fed. R. App. P. 4(b), and that the Tenth Circuit Court of Appeals therefore has jurisdiction to hear the appeal.

Dated this 21st day of October 2005, at Kansas City, Kansas.

            **s/ Carlos Murguia**
            **CARLOS MURGUIA**
            **United States District Judge**