**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **Case No. 03-20123-03-CM** |
| **FRANCHESTER GRIFFIN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case is before the court on defendant Franchester Griffin's *pro se* Request to Proceed (Doc. 534). In his motion, defendant asks the court to reduce his sentence pursuant to "the Amendment Guideline Range issued by the United States Sentencing Commission effective November 1, 2007 to USSG 2D1.1 and made retroactive by USSG 1B1.10, effective March 3, 2008." It appears that defendant seeks relief pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the United States Sentencing Guidelines. Generally, Amendment 706 lowers the base offense level for cocaine base, or "crack" cocaine, quantities by two levels. *See* U.S.S.G. App'x C Supp. Amend. 706 (Nov. 1, 2007).

**I.   Procedural History**

In July 2005, the court sentenced defendant to 140 months in prison. The court found defendant's total offense level to be 34 and his criminal history category to be VI, which resulted in a guideline range of 262–327 months. The court found defendant to be a "Career Offender" under U.S.S.G. § 4B1.1. Defendant's guideline range was based on this classification—not the guideline range determined under U.S.S.C. § 2D1.1, which would have been a level 26 before an adjustment for acceptance of responsibility. The court granted defendant a downward departure for substantial

assistance.

## II. Discussion

18 U.S.C. § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Tenth Circuit recently applied the statute, noting, "The Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(a)(2)(B) states that a reduction 'is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if' the reduction 'does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). *Sharkey* held that a district court must deny a defendant's § 3582(c) motion when Amendment 706 does not affect the guideline range the court applied in sentencing the defendant. *Id.*

In this case, Amendment 706 does not lower defendant's applicable guideline range. Defendant was sentenced as a Career Offender, and that classification determined his offense level and guideline range. Amendment 706 therefore does not lower defendant's base offense level and guideline range. Because Amendment 706 did not reduce the sentencing or guideline range under which defendant was sentenced, the court lacks jurisdiction to reduce defendant's sentence.

**IT IS THEREFORE ORDERED** that defendant Franchester Griffin's Request to Proceed (Doc. 534) is denied.

Dated this 22nd day of September 2009, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**